UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBRADO SOLANO, JR., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>DR. HAROLD TATE, et al., <br><br>　　　　　Defendants. | Case No.: 1:15-cv-00756-SAB (PC) <br><br> ORDER GRANTING DEFENDANTS' MOTION TO EXTEND THE TIME TO FILE A DISPOSITIVE MOTION <br><br> [ECF No. 29] |

　　　　Plaintiff Librado Solano, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　This action is proceeding against Defendants Dr. Tate and Dr. Yin for deliberate indifference to a serious medical need in violation of the Eighth Amendment to the United States Constitution.

　　　　Currently before the Court is Defendants' motion to modify the scheduling order, filed February 28, 2017. Previously, on August 9, 2016, the Court extended the discovery deadline to September 16, 2016, and the dispositive motion deadline to December 16, 2016. (ECF No. 25.)

　　　　Defendants submit that on November 9, 2016, the California Attorney General's Office advised the Office of Legal Affairs at the California Department of Corrections and Rehabilitation (CDCR) that it could no longer represent Defendants Dr. Tate and Dr. Yin in this matter and new counsel would need to be retained. (Jeffrey Decl. ¶ 2.) Pursuant to the procedure in place at CDCR, Reily & Jeffrey, Inc. was retained on February 16, 2017 subject to the approval of Dr. Tate and Dr.

1

Yin. (Id.)  The substitutions of attorney were filed on February 21, 2017.  Defendants submit that between the time that the Attorney General's Office determined it could no longer represent Dr. Tate and Dr. Yin and the time new defense counsel was retained, the dispositive motion deadline passed. Counsel submits that on February 27, 2017, she completed her initial review of the files and consulted a medical expert.  Counsel concluded a summary judgment motion may dispose of some or all of the claims and requests the Court extend the dispositive motion deadline to April 14, 2017.

Rule 6 of the Federal Rules of Civil Procedure provides that "[w]hen an act … must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1). Whether "excusable neglect" will lie requires consideration of four factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the moving party's conduct was in good faith.  Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'Ship, 507 U.S. 380, 394 (1993).  Before Pioneer, the term "excusable neglect" was commonly understood to cover only situations beyond an attorney's control, not negligence on the part of counsel.  Under Pioneer, "excusable neglect" covers "situations in which the failure to comply with a filing deadline is attributable to negligence." Id. at 395.  In this instance, the four factors of Pioneer weigh in Defendants' favor as Plaintiff will not suffer prejudice by an extension of the dispositive motion deadline by a few months, the extension of time to was filed promptly after new counsel was retained and reviewed the merits of the case, and the record is devoid of any indication that defense counsel acted in bad faith.  Accordingly, the Court hereby grants Defendants' request to modify the scheduling order, and Defendants have to and including April 14, 2017, to file a dispositive motion.

IT IS SO ORDERED.

Dated:   **March 1, 2017**

_____
UNITED STATES MAGISTRATE JUDGE