**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIBRADO SOLANO, JR., <br><br> Plaintiff, <br><br> v. <br><br> DR. HAROLD TATE, et al., <br><br> Defendants. | Case No.: 1:15-cv-00756-DAD-SAB (PC) <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS <br><br> [ECF Nos. 1, 8] |

Plaintiff Librado Solano, Jr. is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff consented to United States Magistrate Judge jurisdiction on June 26, 2015. To date, Defendants have not consented or declined to United State Magistrate Judge jurisdiction.

On July 29, 2015, the Court found that Plaintiff's complaint stated a cognizable claim for damages against Defendants Drs. Tate and Yin for deliberate indifference to a serious medical need, in violation of the Eighth Amendment of the United States Constitution. (ECF No. 8.) The Court dismissed Plaintiff's claim against Drs. Tate and Yin in their official capacity, claim for declaratory relief, and claim against Dr. Tate for the treatment he received following his surgery. (Id.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the Court did not have jurisdiction to dismiss the claims in its January 25, 2016 order.

Based upon the foregoing, the undersigned will now recommend to the District Judge that this case continue to proceed only on Plaintiff's cognizable claims, and that the claims described above be dismissed, for the reasons explained herein.

# I.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer

possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

On June 11, 2013, Plaintiff was transferred to the California Correctional Facility Special Housing Unit in Tehachapi. (Compl. 4,[1] ECF No. 1.) During the intake examination, Plaintiff informed the medical staff that he had a hernia injury on the left side and testicular pain. (Id.) Plaintiff was advised that he would need to bring the issues to the attention of medical staff. (Id.)

On June 13, 2013, Plaintiff told a nurse at the clinic that he had a hernia injury and lump that were causing testicular pain and he had been prescribed medication and referred for surgery while housed at Folsom State Prison. (Id. at 4-5.) Plaintiff was advised that he would receive pain medication that evening. (Id. at 5.) Plaintiff did not receive any pain medication and submitted a Health Care Request. (Id.)

After being informed that he would not receive any pain medication until he was seen by a doctor, Plaintiff was seen by Dr. Thomas Bingamon on June 27, 2013. (Id. at 5.) Dr. Bingamon informed Plaintiff that his hernia surgery had been approved and that an appointment had to be made with the surgeon. (Id.) Plaintiff asked if he could receive a different pain medication because the Naprosen was not helping. (Id.) Dr. Bingamon refused to change Plaintiff's medication and told him to "hang in there." (Id.)

On June 30, 2013, Plaintiff filed an inmate appeal seeking a change in his pain medication. (Id. at 5.) Plaintiff saw the surgeon on July 2, 2013 and was advised that his surgery would take place within two months. (Id.)

On July 9, 2013, Dr. Tate interviewed Plaintiff in regards to his inmate appeal. (Id. at 5.) Plaintiff told Dr. Tate that the pain medication was not helping the severe pain from the hernia and testicle; and he needed better pain control while he waited for surgery. (Id.) Dr. Tate refused to

---

[1] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

change the medication and informed Plaintiff that he would be okay. (Id.)

On October 4, 2013, Plaintiff had still not received surgery and submitted a Health Care Request to discover the status of his surgery and complain about the hernia and testicular pain. (Id. at 5.) Plaintiff saw Dr. Tate on October 21, 2013. (Id.) Dr. Tate threatened to take Plaintiff off his Naprosen for abusing pain medications. (Id.) Plaintiff alleges that Dr. Tate refused to allow him to discuss his medical condition which was getting worse and causing more pain. (Id.)

Plaintiff underwent surgery on December 6, 2013 and was discharged that same day. (Id. at 6.) On December 14, 2013, Plaintiff had a sneezing attack and the incision site began to swell up and cause severe pain. (Id.) Several hours later, Plaintiff was taken to the Medical Clinic and was seen by Dr. Allan J. Yin. (Id.) Dr. Yin informed Plaintiff that his sneezing had caused the mesh to come apart causing internal bleeding and surgery would be needed. (Id.) Plaintiff asked to be sent to the hospital because the pain and swelling was increasing. (Id.) Dr. Yin refused to send Plaintiff to the hospital, but prescribed two Ibuprofen for pain and sent Plaintiff back to his cell stating that he would check on Plaintiff later. (Id.) Five hours later, Plaintiff woke up soaked in blood from the incision site. (Id.) Plaintiff was taken to the hospital by ambulance. (Id.)

On December 17, 2013, Plaintiff returned from the hospital. (Id. at 6.) The following morning Plaintiff was to be seen by Dr. Tate and told correctional officers that he was not able to walk and needed a wheelchair. (Id.) The officers told Plaintiff that they would check on a wheelchair, but never returned. (Id.) On December 19, 2013, Plaintiff was escorted to the medical clinic for an appointment. (Id.) Plaintiff saw Dr. Tate who informed Plaintiff that the only reason the incision would have reopened was if Plaintiff cut it open himself. (Id.) Dr. Tate examined the incision and told Plaintiff that the appointment was over. (Id.) Plaintiff told Dr. Tate that he was afraid to walk back to the housing unit because he had been on bed rest and could fall. (Id.) Dr. Tate told Plaintiff that if he fell the correctional officers would pick him up. (Id.) Plaintiff had to walk back to his cell "in severe agony and pain." (Id.)

Plaintiff brings this action against Drs. Harold Tate and Allan J. Yin, in their individual and official capacities, alleging deliberate indifference to his serious medical needs and is seeking monetary damages and declaratory judgement.

# III.

# DISCUSSION

### A. Official Capacity

Plaintiff brings this action against Drs. Tate and Yin in their individual and official capacities. Plaintiff may not bring suit against Drs. Tate and Yin in their official capacity. "The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelel v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Thus, Plaintiff's cannot proceed with his official capacity claims.

### B. Deliberate Indifference

Plaintiff alleges that Drs. Tate and Yin exhibited deliberate indifference to his serious medical needs. While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To state a claim, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

#### 1. Dr. Yin

When Dr. Yin examined Plaintiff he knew that the mesh from the prior surgery had torn away and that Plaintiff was bleeding internally. Dr. Yin informed Plaintiff that additional surgery would be needed, but refused to send Plaintiff to the hospital. Rather, Dr. Yin sent Plaintiff back to his cell with pain medication and did not check on him. Within several hours, Plaintiff awoke covered in blood and

5

was rushed by ambulance to the hospital. An allegation by a prisoner that a physician has been merely indifferent or negligent or has committed medical malpractice in diagnosing or treating a medical condition does not state a constitutional claim. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980). However, the allegations in the complaint are not such that the Court could infer mere negligence or medical malpractice by Dr. Yin. At the pleading stage, Plaintiff's allegations are sufficient to state a plausible claim that Dr. Yin was aware that Plaintiff had a serious medical need and failed to adequately respond. Simmons v. Navajo County, Arizona, 609 F.3d 1011, 1018 (9th Cir. 2010).

### 2. Dr. Tate

Plaintiff alleges that in July 2013 he informed Dr. Tate that the medication he was receiving was not helping his severe pain and Dr. Tate refused to address a change in medication. In October 2013, Dr. Tate threatened to take Plaintiff's pain medication away accusing him of abusing pain medication without allowing Plaintiff to explain that his pain was getting worse. This is sufficient to state a plausible deliberate indifference claim against Dr. Tate.

However, Plaintiff also alleges that after he had surgery Dr. Tate made him walk back to his cell. While Plaintiff states that this caused him to be in severe pain and agony, Plaintiff told Dr. Tate that he was afraid to walk back to his cell because he might fall as he had been on bedrest. Plaintiff has alleged no facts by which the Court can infer that Dr. Tate was aware that Plaintiff had a serious medical need and failed to appropriately respond. Plaintiff fails to state a plausible claim against Dr. Tate for the treatment he received following his surgery.

### C. Declaratory Relief

Plaintiff seeks a declaratory judgment that his Eighth Amendment rights were violated. "A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985). In the event that this action reaches trial and the jury returns a verdict in

favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that any Defendant violated Plaintiff's rights is unnecessary and this action shall proceed for monetary damages.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. For screening purposes only, this action proceed against Defendants Drs. Yin and Tate for deliberate indifference as explained above; and

2. Plaintiff's claim against Drs. Tate and Yin in their official capacity, claim for declaratory relief, and claim against Dr. Tate for the treatment he received following his surgery be dismissed for failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 29, 2017**

UNITED STATES MAGISTRATE JUDGE