1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LIBRADO SOLANO, JR.,                        No. 1:15-cv-00756-DAD-SAB

12                   Plaintiff,

13          v.                                    ORDER ADOPTING FINDINGS AND
                                                  RECOMMENDATIONS AND DISMISSING
14   HAROLD TATE, et al.,                         CERTAIN CLAIMS FOR FAILURE TO
                                                  STATE A CLAIM
15                   Defendants.
                                                  (Doc. No. 45)
16

17

18          Plaintiff Librado Solano, Jr. is appearing pro se and *in forma pauperis* in this civil rights

19   action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to United States Magistrate Judge

20   jurisdiction on June 26, 2015.  (Doc. No. 5.)  To date, defendants have not consented or declined

21   to United State magistrate judge jurisdiction.

22          On July 29, 2015, the court screened plaintiff's complaint and found it stated a cognizable

23   claim for damages against defendants Drs. Tate and Yin for deliberate indifference to a serious

24   medical need in violation of the Eighth Amendment of the United States Constitution.  (Doc. No.

25   8.)  The magistrate judge dismissed plaintiff's claim against Drs. Tate and Yin in their official

26   capacity, his claim for declaratory relief, and his claim against Dr. Tate for the treatment plaintiff

27   received following his surgery.  (*Id.*)  The magistrate judge indicated jurisdiction to do so by

28   order existed under 28 U.S.C. § 636(c) based on the fact that plaintiff had consented to magistrate

                                                  1

judge jurisdiction and no other parties had yet appeared. (*Id*.)

On November 9, 2017, the Ninth Circuit Court of Appeals held that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a magistrate judge to dispose of a civil case. *Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017). Accordingly, the magistrate judge did not have jurisdiction to dismiss the above-described claims in the July 29, 2015 order. Therefore, on November 30, 2017, the magistrate judge issued findings and recommendations recommending that this action proceed against defendants Drs. Yin and Tate for deliberate indifference in their individual capacities, and that plaintiff's claims against Drs. Tate and Yin in their official capacity, his claim for declaratory relief, and his claim against Dr. Tate for the treatment he received following his surgery be dismissed for failure to state a cognizable claim. (Doc. No. 45.) The findings and recommendations were served on the parties and contained notice that objections were to be filed within fourteen days. No objections were filed and the time period in which to do so has expired.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the undersigned has conducted a *de novo* review of plaintiff's case. The undersigned concludes the findings and recommendations are supported by the record and by proper analysis.

Given the foregoing:

1. The findings and recommendations issued November 30, 2017 (Doc. No. 45) are adopted in full;

2. This action proceeds against defendants Drs. Yin and Tate for deliberate indifference as explained above; and

3. Plaintiff's claims against Drs. Yin and Tate in their official capacities, his claim for declaratory relief, and his claim against Dr. Tate for the treatment received following his surgery are dismissed for failure to state a cognizable claim.

IT IS SO ORDERED.

Dated: __**January 7, 2018**__ _____
UNITED STATES DISTRICT JUDGE

2