UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIBRADO SOLANO, JR.,<br><br>Plaintiff,<br><br>v.<br><br>DR. HAROLD TATE, et al.,<br><br>Defendants. | No. 1:15-cv-00756-DAD-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Doc. Nos. 31, 42) |

Plaintiff Librado Solano, Jr. is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 1, 2017, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion for summary judgment be granted in part and denied in part. (Doc. No. 42.) More specifically, it was recommended that summary judgment be granted as to plaintiff's claims against defendant Dr. Tate for failure to prescribe morphine, failure to examine, delay in performing surgery, and forged refusal of treatment form on December 18, 2013, and denied as to plaintiff's claim of mistreatment during his December 19, 2013 medical examination, and granted in all respects as to defendant Dr. Yin. (*Id.*) The findings and recommendations were served on the parties and contained notice that objections

1

thereto were to be filed within thirty days.

Defendant Dr. Tate filed objections on September 28, 2017. (Doc. No. 44.) Therein defendant Tate argues that the magistrate judge incorrectly concluded that an exam of plaintiff by Dr. Tate occurred on December 19, 2013, and that plaintiff was forced to walk 100 yards to his cell just two days after surgery, when in fact December 19, 2013 was actually four days after plaintiff's surgery. Defendant's objection is immaterial as the fact of whether it was two or four days after plaintiff's surgery, the analysis remains the same. As explained in the magistrate judge's findings and recommendations, based on the conflicting accounts, there is a genuine issue of material fact as to whether Dr. Tate even examined plaintiff on December 19, 2013, and then forced him to walk 100 yards back to his cell in deliberate indifference to his serious medical needs following his surgery on December 15, 2013. The disputed facts do not hinge on whether Dr. Tate's actions took place two days or four days following plaintiff's surgery. Furthermore, although plaintiff's surgery took place on December 15, 2013, he was not discharged from the hospital and returned to the prison until December 17, 2013, just two days prior to the December 19, 2013 actions at issue.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including defendants' objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued September 1, 2017 (Doc. No. 42) are adopted in full;
2. Defendant Dr. Yin's motion for summary judgment (Doc. No. 31) is granted; and
3. Defendant Dr. Tate's motion for summary judgment (Doc. No. 31) is granted in part and denied in part as follows:
    a. Granted as to plaintiff's claims for failure to prescribe morphine, failure to examine, delay in surgery, and forged refusal of treatment form on December 18, 2013; and

    b. Denied as to plaintiff's claim of mistreatment during the examination on December 19, 2013.

IT IS SO ORDERED.

Dated: __**March 5, 2018**__        _/s/ Dale A. Drozd_
                     UNITED STATES DISTRICT JUDGE