1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11  LIBRADO SOLANO, JR.,                    No. 1:15-cv-00756-DAD-SAB

12              Plaintiff,

13      v.                                  ORDER DISMISSING CASE WITH
                                            PREJUDICE DUE TO PLAINTIFF'S
14  DR. HAROLD TATE,                        FAILURE TO COMPLY WITH COURT
                                            ORDERS
15              Defendant.
                                            (Doc. No. 51)
16

17          Plaintiff is appearing pro se and *in forma pauperis* in this civil rights action pursuant to 42

18  U.S.C. § 1983.  In a second scheduling order in this case issued on May 9, 2018, plaintiff was

19  ordered to file ahis pretrial statement on August 7, 2018.  (Doc. No. 50 at 5.)  When plaintiff

20  failed to comply with that order, on August 9, 2018, the magistrate judge assigned to this case

21  issued an order requiring plaintiff to show cause in writing within ten days why he had failed to

22  file a pretrial statement within the time set by the second scheduling order.  (Doc. No. 51.)  The

23  order cautioned plaintiff that his failure to respond would result in the dismissal of the action with

24  prejudice.[1]  This time period has elapsed and plaintiff has neither responded to the order to show

25  cause nor filed the required pretrial statement.  Despite plaintiff's failure to file a pretrial

26

27  ───────────────
    [1]  Since plaintiff filed a notice of change of address with this court on September 15, 2017 (Doc.
28  No. 43), a number of orders have been served upon him at his address of record (Doc. No. 45—
    48, 50—51) and none of them have been returned to the court as undeliverable.

                                            1

statement or to respond to the order to show cause in writing as required, the court left the matter on calendar for the scheduled trial confirmation hearing on August 27, 2018 at 1:30 p.m. and ordered the parties to appear. (Doc. No. 52.) The case was called at that time. Counsel for defendants appeared telephonically but plaintiff failed to appear at the scheduled hearing.

The court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions up to and including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with an order, the court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted).

This case has been pending since 2015 and is set for jury trial in two months. The expeditious resolution of litigation and the court's need to manage its docket weighs in favor of dismissal. The court has one of the heaviest caseloads in the country and the failure to comply with litigation schedules significantly compromises its ability to guide cases toward resolution. Moreover, defendant will be prejudiced by any further delay, as witness's memories will continue to fade and the evidence will grow more stale. *Id.* at 1227–28. While public policy always favors disposition on the merits, it is plaintiff's own conduct here that has stalled the case. *Id.* at 1228 ("[W]e have . . . recognized that this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.").

Finally, there are no alternative sanctions which are satisfactory. A monetary sanction has little to no benefit in a case in which plaintiff has ceased responding to the court's orders. In addition, plaintiff has been released from custody and has not communicated with the court in over eleven months. Discovery is closed and the deadline for filing pretrial motions has passed, rendering unavailable the court's ability to impose any limitations on plaintiff in those areas as a sanction. Lastly, the preclusion of evidence or witnesses is not an available sanction given that

plaintiff failed to identify any exhibits or provide a witness list via a pretrial statement. *See* Local Rule 281(b)(10), (11). Moreover, dismissal without prejudice will not solve the problem posed, since it might permit plaintiff to reinitiate a suit that has already been pending for more than three years, thus further delaying resolution of the parties' disputes. Thus, dismissal with prejudice is warranted given the procedural posture of this case, plaintiff's failure to comply with the pretrial scheduling order, his failure to appear at the trial confirmation hearing as ordered and the unavailability of satisfactory alternative sanctions. *In re PPA*, 460 F.3d at 1228–29.

For these reasons, this action is dismissed with prejudice due to plaintiff's failure to comply with the court's scheduling order of May 9, 2018 (Doc. No. 50) and order to show cause of August 9, 2018 (Doc. No. 51), as well as his failure to appear at the August 27, 2018 trial confirmation hearing and the Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: __**August 27, 2018**__    _____
UNITED STATES DISTRICT JUDGE